# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE JAMAL COOK, Sr., <br> Plaintiff, | : <br> : <br> : |
| v. | :    CIVIL ACTION NO. 19-CV-1976 |
| CHAPLIN SANTOS, *et al.*, <br> Defendants. | : <br> : <br> : |

FILED
MAY 14 2019

## MEMORANDUM

**KELLY, J.**                                                                                                                                                   **May , 2019**

*Pro se* Plaintiff Maurice Jamal Cook, Sr., a prisoner in custody at Northampton County Jail, has filed this civil rights Complaint against Northampton County Jail, a prison Chaplin named Santos and other prison officials. Cook also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant leave to proceed *in forma pauperis* and dismiss the Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because some claims are frivolous and other claims fail to state a claim.

## I. FACTS

Cook alleges that on February 22, 2019 he asked Chaplin Santos for a bible and the Chaplin refused his request because Cook is designated as Muslim in the prison records. Cook told Chaplin Santos that he was Christian and, even if he were Muslim, would still be entitled to a bible. Cook alleges that Santos "told me to change my beliefs to recieve [sic] a bible." He alleges that he filed five grievances with prison officials but received only one response. He alleges that he also wrote to the prison advisory board but received no response. Named as Defendants are Northampton County Jail, Chaplin Santos, Jail Liaison Lori Heffiner, Director James Kastora, Warden David Penchishen, and Advisory Board members Daniel Hood, Michelle

Santiago, Jodi Ruggiero, Sharon Garretson, Robin A. Rivera, and Edward Boscola. Cook brings claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1997d, and 20 U.S.C. § 1681.

## II. STANDARD OF REVIEW

Because Cook appears to be unable to pay the filing fee for this matter, the Court grants him leave to proceed *in forma pauperis*.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, requiring the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Cook is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

a. Section 1983 Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] However, as Cook is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

Cook's allegations that he was denied a bible by Chaplin Santos states a plausible First Amendment free exercise claim against that Defendant, which Cook may pursue under § 1983. However, Cook has also sued the Jail Liaison, the Jail Director, the Warden, and members of the Jail Advisory Board. Other than including these persons in the list of Defendants, Cook makes no allegations concerning any of these other Defendants and how they personally acted to violate his free exercise rights. Furthermore, liability against these individuals, presumably sued because of their supervisory roles at Northampton County Jail, cannot be predicated on a theory of respondeat superior or vicarious liability. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 693-94 (1978). Rather, there are only "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she, "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Because Cook failed to allege that the other Defendants personally participated in the Chaplin's actions, that they had a policy or custom to deny bibles to non-Christian prisoners, or that the denial was caused by such a policy or custom, his Complaint fails to state a plausible claim against the individual Defendants other than Chaplin Santos. Accordingly, the § 1983

3

claim against these Defendants will be dismissed without prejudice and with leave granted to Cook to file an amended complaint to attempt to state a plausible policy or custom claim.

Finally, the § 1983 claim against Northampton County Jail is dismissed as frivolous because a jail is not a "person" under Section 1983. *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

      b.      Section 1981 Claim

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts. . . ." 42 U.S.C. § 1981(a). Section 1981(c) provides that the section applies to both non-governmental actors and those acting under color of state law. The term "make and enforce contracts" is defined in the statute as including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). In order to state a claim under Section 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute. . . .'" *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (quoting *Yelverton v. Lehman*, Civ. A. No. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996), *aff'd.*, 175 F.3d 1012 (3d Cir. 1999)). Cook's § 1981 claim is frivolous since he does not assert that he entered into a contract with any Defendant named in the suit. Moreover, Section 1981 does not protect against religious discrimination. *See, e.g., Tomka v. Seiler Corp.*, 66 F.3d 1295, 1316 (2d Cir. 1995); *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d

4

1033, 1036 n. 3 (10th Cir. 1993); *Bachman v. St. Monica's Congregation*, 902 F.2d 1259, 1261 (7th Cir. 1990).

    c.    Section 1985 and 1986 Claims

Cook has also sued under 42 U.S.C. § 1985(3) and 1986, claiming a conspiracy to violate his constitutional rights. The elements of a 42 U.S.C. § 1985(3)[2] action are: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of equal protection of the laws; otherwise labeled "class-based animus"; (3) an act in furtherance of the conspiracy; (4) whereby a person is deprived of a right or privilege. *United Brotherhood of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983). A plaintiff must allege "facts that plausibly suggest a meeting of the minds," *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010), and the complaint must not plead merely a "conclusory allegation of agreement at some unidentified point." *Twombly*, 550 U.S. at 557. A § 1986 claim holds liable "[e]very person who, having knowledge that any of the wrongs conspired to be done,

---

[2] The statute provides in pertinent part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the law; ... if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do. . . ."

The complaint is devoid of any factual detail regarding the formation of a conspiracy as to all of the Defendants to deny Cook a bible. Accordingly, these claims are also implausible and will be dismissed without prejudice. As with the § 1983 claim, Cook will be granted an opportunity to amend the claims.

   d.   Section 1997 Claim

Other than stating the words "42 U.S.C. § 1997 'Prohibition of retaliation'" in his Complaint, Cook provides no explanation of the basis for any claim under § 1997. The Court assumes he seeks to invoke § 1997d, which provides:

> No person reporting conditions which may constitute a violation under this subchapter shall be subjected to retaliation in any manner for so reporting.

42 U.S.C. § 1997d. However, as Cook does not allege that he has been subjected to retaliation, this claim too is not plausible.

   e.   20 U.S.C. § 1681 Claim

Section 1681 provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under *any education program or activity receiving Federal financial assistance.* . . .

20 U.S.C. § 1681(a) (emphasis added). Cook's claim under § 1681 is dismissed as frivolous. He states no basis for a sex discrimination claim and no allegation concerning an education program or activity receiving federal financing.

## IV.   CONCLUSION

For the reasons stated, Cook's Complaint, other than the § 1983 free exercise claim against Chaplin Santos, will be dismissed. All claims against Northampton County Jail and the

6

claims against all Defendants brought pursuant to 42 U.S.C. § 1981 and 20 U.S.C. § 1681 are dismissed with are dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The remaining claims, other than the § 1983 free exercise claim against Chaplin Santos, are dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) and Cook is granted leave to file an amended complaint. If he chooses to file an amended complaint, Cook is advised to state precisely how each Defendant he includes therein was personally responsible for the civil rights violations or policies he seeks to allege. An appropriate order follows.[3]

**BY THE COURT:**

_Robert J. Kelly_
**ROBERT KELLY, J.**

---

[3] Because the Court grants Cook an opportunity to file an amended complaint, the accompanying order directs the Clerk to defer service of the Complaint on Defendant Santos. Should Cook choose not to amend his Complaint, it will be served on Defendant Santos and the case will proceed against Defendant Santos only.