IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MAURICE JAMAL COOK, Sr., | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-1976 |
| | : | |
| CHAPLIN SANTOS, *et al.*, | : | FILED |
| Defendants. | : | MAY 14 2019 |

## ORDER

AND NOW, this 14th day of May, 2019, upon consideration of Plaintiff Maurice Jamal Cook, Sr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 3), and his *pro se* Complaint (ECF No. 2), for the reasons stated in the Court's accompanying Memorandum it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Maurice Jamal Cook, Sr., #10074, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court hereby directs the Warden of Northampton County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Cook's inmate account; or (b) the average monthly balance in Cook's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Cook's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income

credited to Cook's inmate account until the fees are paid. Each payment shall reference the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this order to the Warden of Northampton County Jail.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as to Defendant Northampton County Jail.

6. Cook's claims brought against all Defendants pursuant to 42 U.S.C. § 1981 and 20 U.S.C. § 1681 are is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

7. With the exception of the claim brought pursuant to 42 U.S.C. § 1983 against Defendant Santos, the remaining claims in the Complaint are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Defendants Lori Heffner, James Kastora, David Penchishen, Daniel Hood, Michelle Santiago, Jodi Ruggiero, Sharon Garretson, Robin A. Rivera, and Edward Boscola.

8. Cook is **GRANTED** leave to file an amended complaint within thirty (30) days. Cook may not reassert any claim dismissed herein with prejudice.

9. The claim brought pursuant to 42 U.S.C. § 1983 against Defendant Santos shall proceed. However, the Clerk of Court is **DIRECTED** to not issue summonses pending further Order of the Court. Should Cook fail to file an amended complaint within the time period provided, the Complaint will be ordered served on Defendant Santos only.

**BY THE COURT:**

*Robert D. Kelly*
**ROBERT KELLY, J.**